IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TRIO COMPANIES, LLC, d/b/a ENENTRIO, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:19-CV-00463-DGK |
| MILLER HAVILAND KETTER PC, PA et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF PROSECUTION

This case arises out of Plaintiff Eric Schaumburg's claims that his former business partner, Defendant Doug Miller, and former accountant, Defendant Miller Haviland Ketter, committed accountant malpractice and tortious interference, negatively impacting his business, Plaintiff Trio Companies, LLC. Now before the Court is Defendants' motion to dismiss with prejudice for lack of prosecution (Doc. 21). For the following reasons, the motion is GRANTED IN PART.

**Background**

Plaintiffs filed their initial complaint in Missouri state court on June 14, 2018 (Doc. 1-1). For the next year, all parties proceeded in state court with what appears to be full participation. On June 13, 2019, Plaintiffs dismissed with prejudice defendants Country Club Bank, Brian Cuddy, and Jay Kimbrough (Doc. 1-7). After this filing, the remaining Defendants timely removed to this Court based on its diversity jurisdiction (Doc. 1). Since removal, Plaintiffs have failed to participate in this action, cooperate with defense counsel, or follow court orders.

The day the case was removed to federal court, the Court contacted Plaintiffs' counsel at the time, Cordero Delgadillo, regarding his lack of admission to the Western District of Missouri.

Mr. Delgadillo's current law practice is based out of Arizona. The Court ordered him to register for admission within the Western District or request admission pro hac vice by June 28, 2019. Mr. Delgadillo did neither by the deadline.

Despite his failure, the Court attempted to move the litigation along in a timely fashion. On June 28, 2019, the Court issued its Rule 16 notice, which ordered the parties to conduct their Rule 26(f) conference no later than July 29, 2019 (Doc. 4). The order also required the parties to electronically file a Designation of Mediator fourteen days after their meeting and a joint proposed scheduling order/discovery plan by August 12, 2019. As in every case, the Court attached to the order the Principles of Civility it expects attorneys to follow.

The day after the Rule 26(f) conference was to take place, Defendants' counsel filed a report with the Court indicating that the conference did not take place and, furthermore, that the parties were struggling to maintain civility (Doc. 6).[1] The parties also appeared unable to designate an appropriate mediator.

On August 5, 2019, the Court issued a Show Cause order requiring Mr. Delgadillo to inform the Court why he had failed to complete his attorney registration or petition for pro hac vice admission by August 19, 2019 (Doc. 8).

The next day, after learning the parties were not planning to file a joint proposed scheduling order, the Court issued a scheduling order substantially based on, but not wholly conformed to, Defendants' proposed order (Doc. 9). And since the parties could not agree on a mediator, the Court also designated one for the parties (Docs. 12–13). The mediation was set to occur on October 1, 2019.

---

[1] In particular, the Court notes Principle V directs counsel to "work cooperatively in scheduling all matters."

On August 19, 2019, Mr. Delgadillo responded via email to the Show Cause order by requesting an additional thirty days to complete registration or obtain pro hac vice admission (Doc. 15). He also included a motion to stay the proceedings until he gained admission and an affidavit to the Court accusing Defendants of engaging in egregious behavior. For example, Mr. Delgadillo alleged that Defendants' counsel deliberately interfered with his efforts to retain local counsel; intentionally misstated Mr. Delgadillo's name to "dehumanize" him; and exploited the untimely deaths of Mr. Delgadillo's two brothers in 2017 and 2019 by filing the lawsuit and removing the case to federal court. No evidence supports Mr. Delgadillo's accusations against defense counsel.[2]

Defense counsel responded to Mr. Delgadillo's emailed correspondence, claiming his affidavit contained "completely unfounded and unprofessional attacks on the credibility and integrity of Defendant's counsel" (Doc. 14). Defense counsel also suggested that Mr. Delgadillo had engaged in "abusive and obstructive behavior" throughout the litigation and that this Court should not allow him the additional time to gain admission.

On August 26, 2019, over defense counsel's objection, the Court granted Mr. Delgadillo an additional thirty days to obtain admission to the Western District or secure other competent representation for his clients (Doc. 16). But instead of gaining admission or securing other representation by the deadline, Mr. Delgadillo emailed the Court on September 26, 2019, requesting that this Court dismiss without prejudice his clients' claims.

Because under Local Rule 83.5 "only members of the Bar of this District, attorneys admitted pro hac vice, and individuals representing themselves may appear or practice before this

---

[2] Again, the Court notes that Mr. Delgadillo struggled to follow the Principles of Civility. In particular, Principle VII requests counsel to "avoid unfounded and unreasonable attacks on other lawyers," and Principle II requires communication to be professional and respectful.

District," the Court declined to entertain Mr. Delgadillo's emailed "motion to dismiss." It also held that he was prohibited from further acting on behalf of Plaintiffs. As an individual, Plaintiff Eric Shaumberg could proceed pro se, but Plaintiff Trio Companies could not. Thus, the Court ordered Trio Companies to obtain counsel by October 15, 2019 (Doc. 20).

While the attorney-admission issue was on-going, Plaintiffs failed to otherwise participate in the litigation. Plaintiffs did not show up to the mediation on October 1, 2019, nor did they appear at their properly noticed depositions. They also failed to serve Defendants with their Initial Disclosures, comply with their expert disclosure deadline, and respond to Defendants' requests for production and admissions.

When no attorney had entered an appearance on behalf of Plaintiff Trio Companies by the court-ordered deadline, Defendants filed the instant motion to dismiss with prejudice for Plaintiffs' failure to prosecute (Doc. 21). Plaintiff Eric Schaumburg filed an untimely response to Defendants' motion, agreeing this case should be dismissed—albeit without prejudice (Doc. 25).

On December 17, 2019, the Court inadvertently learned that Mr. Delgadillo had in fact been admitted to the Western District of Missouri by happening upon his name in the Attorney Enrollment Book. His signature appears with an admittance date of November 1, 2019. Then, on December 23, 2019, Mr. Shaumberg included the fact of Mr. Delgadillo's admittance in a filing. At no point, however, did Mr. Delgadillo himself inform the Court of his admittance.

**I.      Dismissal with prejudice is too harsh of a sanction at this point in time.**

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss a case if a plaintiff "fails to prosecute or to comply with . . . a court order." Because dismissal with prejudice is a "drastic sanction," it should be "used sparingly." *Omaha Indian Tribe, Treaty of 1854 with U.S. v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991). When lesser sanctions are viable,

they should be used before dismissing with prejudice. *Bergstrom v. Frascone*, 744 F.3d 571, 575 (8th Cir. 2014) (citing *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)).

When considering dismissal with prejudice, courts should balance the "policy of giving the plaintiff[s] [their] day in court against the policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Id.* (quotations and citations omitted). Courts should also consider whether a lack of compliance with their orders was willful on behalf of any party—whether a party consciously or intentionally, and not accidentally or involuntarily, failed to act. *Id*. at 1469.

Applying this balancing test, the Court considers the egregiousness of Plaintiffs' conduct, the policies counseling against undue delay and preserving respect for court procedures, and the policy of giving Plaintiffs their day in court. In curing any potential prejudice, district courts may award attorneys' fees. *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984).

In this case, Plaintiffs' conduct has been egregious, but it is unclear whether they have engaged in an *intentional* pattern of delay. True, Plaintiffs' former counsel failed to obtain admission with the District Court or otherwise secure competent counsel despite this Court giving him ample time to do so. He and his clients also failed to participate in discovery in federal court.

Although the Court does not condone such conduct, it appears that these failures were not employed as a delaying tactic but were the result of Plaintiffs' former counsel's failure to obtain admission in this Court. The Court cannot overlook that Plaintiffs' fully engaged in the litigation of this dispute in state court. And, despite not being admitted in this jurisdiction, Plaintiffs' former counsel did attempt, although improperly, to represent his clients in federal court. He also did

ultimately gain admission to the Western District—albeit far too late—which suggests some intent to participate in this litigation.³

The policies against allowing undue delay and preserving respect for Court procedures, however, also disfavor dismissal with prejudice. While it may be difficult to obtain admission to this Court from Arizona, where Plaintiffs' former counsel is located, former counsel failed to keep the Court informed as to his admission status, despite its interest in the same. Moreover, he only provided one email (in which he has redacted any identifying information of the recipient) in support of his efforts to obtain local counsel. What is more, former counsel refused to cooperate with defense counsel in setting depositions, proposing a scheduling order, or selecting a meditator.

That said, the Court recognizes that Plaintiffs' ability to have their day in court should not be stripped away lightly, and when lesser sanctions are available, the Court should first turn to them. Here, alternative sanctions are available in the form of attorneys' fees. And despite Plaintiffs' lack of responsiveness to defense counsel and the Court's orders, the harshness of dismissing with prejudice cannot be overstated.

**II.     This case is instead DISMISSED WITHOUT PREJUDICE.**

In considering dismissing without prejudice, district courts are to consider "whether the party [seeking dismissal without prejudice] has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a

---

³ To that end, Mr. Delgadillo failed to act with candor towards this Court. Despite this Court's repeated interest in Mr. Delgadillo's admission status, he never informed the Court that he did ultimately obtain admission. This failure is a direct contradiction of the oath he took to become a member of the Western District of Missouri. Mr. Delgadillo took an oath that he "will maintain the respect due to Courts of Justice and judicial officers" and "will never seek to mislead the judge . . . by any artifice . . . ." (L.R. 83.5(d); "Reference", https://www.mow.uscourts.gov/attorney/attorney-admissions). By failing to inform the Court that he did in fact obtain proper admission, Mr. Delgadillo misled this Court.

dismissal will prejudice the defendants." *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017) (citations omitted).

Balancing the policy considerations against the competing concern of disposal of cases on the merits, the Court finds dismissal without prejudice to be appropriate. Plaintiffs have presented a plausible reason for their desire to dismiss without prejudice, including the difficulty in retaining properly admitted counsel and resource management. Because so little discovery has taken place in this Court, dismissal without prejudice will not result in a waste of judicial resources. And any prejudice Defendants' suffered can be remedied by lesser sanctions than dismissal with prejudice. For those reasons, the case is dismissed without prejudice.

### III. Defendants are awarded $12,838.90 in attorneys' fees and costs.

When a dismissal without prejudice could result in defendants facing a new action, the district court may require plaintiffs "pay to defendant its costs and expenses incurred in the first action." *Kern*, 738 F.2d at 970. Congress permits any attorney or other person "admitted to conduct cases in any court of the United States" to be personally liable for the "excess costs, expenses, and attorneys' fees reasonably occurred" due to unreasonable and vexatious conduct. 28 U.S.C. § 1927 (2018). District courts inherently have the ability to supervise and discipline attorneys who appear before them, including the awarding of attorneys' fees. *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018) (quotations omitted). Attorneys' fees are an accepted sanction when an opposing party acts in bad faith. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765–66 (1980).

When determining the amount in attorneys' fees the Court can reasonably award, the "lodestar" approach is an accepted method of calculation. *See, e.g.*, *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241 (8th Cir. 1996). This method multiplies "the hours expended by an attorney"

by "a reasonable hourly rate of compensation." *Id.* When fees are calculated using this approach, there is a "strong presumption" the figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010). Attorneys' fees are appropriate in this case. This award will not only cure any potential future prejudice to Defendants now facing the possibility of defending a new action by Plaintiffs, but it will also serve to sanction Plaintiffs for their repeated failures to properly follow the Court's orders and work cooperatively with Defendants in litigating this case.

Defense counsel have provided detailed records to the Court, which confirm that the total amount of time spent on this matter was 57.7 hours (54.6 hours of attorney time and 3.1 hours of paralegal time). As for the rate, the proposed fee of $12,595.00 for 57.7 hours of time works out to a blended hourly rate of $218.28, which is a reasonable hourly rate. Defendants are also entitled to the $243.90 in court-reporter costs, which they incurred at depositions that Plaintiffs failed to attend.

Therefore, the Court awards Defendants $12,838.90 in attorneys' fees and costs.

## Conclusion

The Court finds that Plaintiffs' conduct supports DISMISSAL WITHOUT PREJUDICE but ORDERS Plaintiffs to pay Defendants $12,838.90 in attorneys' fees and costs.

**IT IS SO ORDERED.**

Date:  February 3, 2020   /s/ Greg Kays
                          GREG KAYS, JUDGE
                          UNITED STATES DISTRICT COURT